No. 14,055.

PEOPLE EX REL. SAUTER ET AL. *v.* MONSON ET AL.

(62 P. [2d] 467)

Decided October 28, 1936.

*En Banc.*

Mr. HARRY S. SILVERSTEIN, Mr. DAVID ROSNER, Mr. BERNARD J. SEEMAN, for petitioners.

Mr. PHILIP HORNBEIN, for some of respondents, the others not being represented.

MR. JUSTICE HILLIARD delivered the opinion of the court.

THE petitioners are among the candidates of the Republican party at the ensuing general election. The respondents are the members of the election commission of the City and County of Denver, judges of election in several of the voting precincts therein, the chairman of the Democratic state central committee, the chairman of the

Democratic central committee of the City and County of Denver, the mayor of the City and County of Denver, the Manager of Safety and Excise of the City and County of Denver, the chief of police thereof, and the county commissioners of Grand county. The relief sought is the restraining of the respondents from interfering in any way with a free, fair and open election, from threatening to discharge or reward any employee of the City and County of Denver for giving or withholding his support. in favor of or against any candidate; and for the carrying out of these purposes the appointment by the court of watchers in the polling places in the City and County of Denver and in two precincts in Grand county.

The petitioners base their case upon the decision of the court in *People ex rel. Attorney General v. Tool,* 35 Colo. 225, 86 Pac. 224, and *People ex rel. Nicholson v. Moewes,* No. 9915, a contest between factions of the Republican party, and in which no opinion was handed down. As to the latter case, the pleadings in which very apparently served as the petitioners' model, it is sufficient to say that there was actually no contest, and the relief granted was by virtual agreement of the parties. Whatever the petitioners may be entitled to have in this proceeding, therefore, must depend upon two questions: First, is the Tool case the law? Second, if it is the law, have the petitioners made out a case?

The first question we find no occasion to pass upon for the answer to the second question is in the negative, and negative for the very good reason that the petitioners have not stated a cause of action. The differences between the allegations in the Tool case, in which the court granted the relief here sought, and those in the case at bar are striking. There it was charged that a majority of the election commission, the mayor, the chief of police, the officers performing the duties now performed by the Manager of Safety, and the named election judges, had conspired together to prevent Republican judges of election from serving; to refuse to allow watchers and

challengers of the Republican party to be present at polling places; to cause policemen to eject such watchers and challengers from the polling places; to drive decent citizens away from the polls or to afford them no protection against vicious persons who would congregate at the polls; to exclude Republican watchers and challengers from the polls during the counting of the ballots; and to cause gangs of armed and wicked men to vote as repeaters and personators. It was there also charged that all of the respondents, save the lone Republican member of the election commission, had conspired together and had caused large numbers of false registrations to be entered in the election books, and that these false registrations would be used by the armed and wicked men aforesaid. Upon these startling allegations the court granted the injunction sought, but, as we have said, we see no occasion now to inquire into the court's reasoning then announced or as to whether the petitioners here have the right to maintain this proceeding. The point, and the whole point, is that the petitioners have failed utterly to charge facts to bring their case within the rule laid down in the Tool case. The facts they do bring to our attention are entirely unlike those which moved the court to act before. Here we are told that it is suspected that genuine registrations will be voted improperly; that the mayor of Denver is a Democrat and is interested in the success of his party; that watchers and challengers of the Republican party may be harassed and annoyed; and that the relators are amazed to a state of doubt that there can be as many voters in Denver as it would seem from the registration lists that there are. Notwithstanding the vagueness of the petitioners' statements we should have given most earnest consideration to their prayer were it not for the following allegation of their petition:

"And your petitioners state that there are no allegations of fraud or unlawful conduct or of any participation in any unlawful conspiracy or confederation made as

against said Election Commission or any of the members thereof or against any of said election judges, but that the same are named as respondents herein because they are necessary parties hereto, the actual conduct of the election with reference to the control of the polling places and of the ballots and the registration lists and the ballot boxes and the general conduct of the machinery of the election being placed in their hands under and by virtue of the provisions of the laws in such case made and provided.''

From what then, pray, do the petitioners wish to be delivered? If they have no charge of fraud, wrongdoing, conspiracy or confederation to make against the men and women in whose hands are placed ''the actual conduct of the election with reference to the control of the polling places and of the ballots and the registration lists and the ballot boxes and the general conduct of the machinery of the election,'' then they have no cause of action at all. It is not the function of this court, or of any court, to enjoin men from doing that which he who seeks relief says is not threatened. If the election commission and the election judges do their duty, and the petitioners assure us they have no intention of doing otherwise, wherein can it be said that personators will vote, repeaters will vote more than once, or that the challengers and watchers of the Republican party will be harassed and annoyed? Let it not be thought we have overlooked the uncertain and indefinite allegations, made ''on information and belief,'' that public officials ''have conspired to and with each other, and with other persons to your petitioners unknown, and with some of the judges of election * * *, whose names are to your petitioners unknown, and with other judges of election * * *, also unknown to your petitioners, to bring about by unlawful means, as well as by lawful means, the election'' of the democratic candidates. Such allegations, in addition to being clearly insufficient to justify our intrusion in a people's election to be conducted under definite statutory enactments, are wholly

negatived by the absolution the petitioners have given all the election officials in the paragraph of their petition already quoted. Courts must have a care lest in unwarranted manner they become involved in the determination of issues which the people in their sovereign capacity have reserved to themselves, and upon which they are about to act.

As to Grand county we are informed that there may have been fraudulent registrations, but we are not told that the ordinary processes of the law are not sufficient to detect and defeat them. In the absence of such allegations we will not undertake to determine whether relief as to the situation in that county would be proper.

The petition does not state facts sufficient to constitute a cause of action for the relief sought, or for any relief, and should be dismissed. Let it be so ordered.

MR. JUSTICE BOUCK, MR. JUSTICE HOLLAND and MR. JUSTICE YOUNG concur.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, dissents.

MR. CHIEF JUSTICE CAMPBELL, due to illness, and MR. JUSTICE BUTLER, because of his candidacy for office, not participating.

MR. JUSTICE BURKE, dissenting.

I am unable to agree with my associates. Since less than a week remains before election day and petitioners should be promptly advised of the disposition of this matter, any extended exposition herein is not possible.

The power of this court to grant the relief prayed for, in a proper case, I take as settled by the Tool case. It has stood unchallenged by legislative enactment or constitutional amendment for more than thirty years. The question here then is, Have petitioners brought themselves within it? No two cases can ever be identical, but following the law of the Tool case we issued the writ and

made the appointments in 1920 in the Nicholson case, in its salient features almost identical with that now before us. True, no opinion was written therein, hence it is not reported. It is still an adjudication by this court. True, it was not contested, although answers were filed denying the charges. There is no denial here. The question there was, Did the facts alleged bring it within the rule in the Tool case? The writ was issued and watchers appointed by the court en banc. There was no dissent. That apparently none of the judges, and none of the attorneys therein, doubted that the allegations brought it within the rule, is to me most persuasive. We know nothing of the facts here save as they are charged. Undenied they must be taken for our present purposes as true. They are not only serious, they are appalling, and in their consequences might be far reaching. The relief asked is only that men be ordered to do their duty and held accountable if they fail, and that persons be appointed to observe and report in that behalf. If anyone intends to violate the law the relief asked would be salutary, if no one so intends no one can be hurt.